## SID SPARKS v. THE STATE.

### No. 1467. Decided January 17, 1912.

**1.—Gaming—Bill of Exceptions—Qualifications.**

When defendant accepts a bill of exceptions as qualified by the judge, he is bound thereby and can not dispute it.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of gaming, the testimony conflicted, the matter was a question of fact for the jury.

**3.—Same—Evidence—Harmless Error—Accomplice—Statutes Construed.**

Where, upon trial of gaming, the State's witness testified that he plead

guilty to shooting a game of craps for which defendant was convicted, there was no reversible error, the witness' testimony showing that he was present. Article 582, Penal Code.

**4.—Same—Race Discrimination—Statutes Construed.**

The Act of 1907 amending article 388, Penal Code, is not void and does not discriminate against the negro race.

Appeal from the County Court of Nacogdoches. Tried below before the Hon. F. P. Marshall.

Appeal from a conviction of shooting craps; penalty, a fine of $10. The opinion states the case.

*V. E. Middlebrook,* for appellant.—On question of race discrimination: Marks v. State, 51 Texas Crim. Rep., 218.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—The appellant was convicted and given the lowest penalty—a fine of $10 for playing a game of craps on February 19, 1911.

There are a considerable number of bills of exception to the admission and exclusion of testimony and to charges refused. It seems that the attorneys for the State and the appellant could not agree upon a statement of facts. The court thereupon had to prepare a statement of facts. The court also, in allowing each bill, so qualified them, in effect, as to destroy them. It has been so often decided by this court that when an appellant accepts a bill of exceptions as qualified by the judge, that he is bound thereby and can not dispute it, that it is unnecessary to again cite the cases so holding.

Appellant's attorney, by his brief filed herein, concedes in effect all this and concedes that he has only two questions which he presents.

The evidence, without giving a statement of it, shows that if the State's witnesses were to be believed they clearly made a case against the appellant. He denied playing the game and had several witnesses whose testimony tended to corroborate him. Under such circumstances the jury and the court below are the judges of such matters and this court is not authorized to reverse on that account.

One of the questions raised by appellant is that he claimed the court committed reversible error in permitting one of the State's witnesses, over his objection, to testify this: "I plead guilty to shooting a game of craps at Willie Bride's house on or about the 19th day of February, 1911, and am now working it out on a convict bond." The appellant's objections to this testimony which were overruled were that this testimony was immaterial; that the fact that said witness had plead guilty could not bind appellant; that such testimony was calculated to prejudice the jury against him, and if true, the judgment of the court and the conviction both would be better evidence of the fact. The qualification of this bill by the

court, in allowing it, on this point is that this testimony was brought out as showing the presence of the witness at Willie Bride's house on said occasion. In this connection we state that two witnesses for the State, in effect, testified that there was a game of craps played in the back room of Willie Bride's house on the night of February 19, 1911; that they each played in the game and each of them bet therein and that the appellant was also playing and bet therein. Our statute (new revised), Penal Code, article 582, expressly provides that a conviction may be had for violating any of our statutes on gambling upon the unsupported evidence of an accomplice, or participant. The two witnesses, having testified that they were both in the game and gambled, and that appellant was in the game and gambled on the occasion, we can not see how he could be hurt by one of these witnesses testifying what is shown was objected to above, although the evidence was inadmissible.

The other point appellant presents is that the Act of 1907, p. 108, amending the old article 388 of the Penal Code, makes it an offense to play and bet at any game of any character whatever that can be played with dice, because the same article provides that it is not an offense to play cards at a private residence, occupied by a family, unless same is commonly resorted to for the purpose of gaming, his contention being that this is a discrimination against the negro; that craps, the game for which the appellant was convicted, is a negro game and that cards is a white man's game; that this was well known by the Legislature and that by it the negro is discriminated against. Appellant's position is an unique one, but we can not agree with him. It is unnecessary, we think, to discuss the question.

It may be that the appellant has some just cause of complaint at the way his bills were slaughtered by the lower court and the way the statement of facts has been prepared. We express no opinion on this subject. Of course, we must take the record as we find it. We are bound by it as it is presented to us.

There being no reversible error, the judgment will be affirmed.

*Affirmed.*